**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MARIE H. DOMINGUES**                                                                         **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO: 3:19CV281-MPM-RP**

**HORSESHOE TUNICA, LLC d/b/a
HORSESHOE HOTEL & CASINO; and
ROBINSON PROPERTY GROUP, LLC**                                           **DEFENDANTS**

**ORDER DENYING MOTION TO STRIKE PLAINTIFF'S
EXPERT WITNESS DESIGNATION OF TAREK ALY, M.D., M.P.H.**

The defendants Horseshoe Tunica, LLC d/b/a Horseshoe Tunica Hotel & Casino and Robinson Property Group have moved to strike plaintiff's supplemental expert witness designation of Tark Aly, M.D., M.P.H.. Docket 66. The defendants assert that although the plaintiff purports to designate Dr. Aly as a treating physician, the "medical record" provided in connection with the designation is simply a letter prepared for purposes of litigation, and the designation of Dr. Aly does not comply with Rule 26(a)(2)(B)'s requirements for designating retained experts. The defendants also complain that the designation is untimely as it was not made until October 1, 2020, over two months after the plaintiff's expert designation deadline. The plaintiff counters that Dr. Aly did not begin treating the plaintiff until August 31, 2020 and the plaintiff properly designated Dr. Aly as a treating physician in a timely manner pursuant to her obligations to supplement her disclosures under Rule 26(e).

When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the court considers the following factors:

    (1)    the importance of the witnesses' testimony;

1

  (2)  the prejudice to the opposing party of allowing the witness to testify;

  (3)  the possibility of curing such prejudice by a continuance; and

  (4)  the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 572 (5th Cir. 1996).

  It appears to the court that insofar as Dr. Aly has been designated as a treating physician, these factors weigh against striking his/her testimony. Dr. Aly did not begin treating the plaintiff until after the plaintiff's expert designation deadline, which is a reasonable explanation for the untimely designation. It is unclear to the court just how important Dr. Aly's testimony is to the claims and defenses in this case, but it appears in any case that the defendants will suffer little if any prejudice if Dr. Aly is allowed to testify, as the discovery period has not yet expired and Dr. Aly's deposition has been scheduled. Therefore, the court will deny the motion to strike Dr. Aly's designation at this time. However, the court believes the defendants have valid concerns that the plaintiff intends to offer testimony from Dr. Aly that goes beyond that permitted of treating physicians and into the realm of testimony permitted of a retained expert without having complied with the applicable disclosure requirements, namely providing a written report signed by the expert and containing the prescribed information.

  If a treating physician "does not provide an expert report, his testimony must remain 'confined to facts disclosed during care and treatment of the patient,' including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, 'as long as the doctor formed those opinions based on [his] personal knowledge and observations obtained during the course of care and treatment.'" *Barnett v. Deere & Company,* No. 2:15-CV-2, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (quoting *Kim v. Time Ins. Co.,* 267 F.R.D. 499, 502 (S.D. Tex. 2008)). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or

relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Barnett,* 2016 WL 4735312, at *1 (quoting same). "Therefore, if a treating physician's expected testimony – whether fact or opinion – is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B)." *Walker v. Target Corporation,* No. 2:16-CV-42, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017). In the absence of a written report and other information required by Rule26(a)(2)(B), a treating physician's testimony will be limited to the facts and opinions contained in his medical records. *Kearns v. Kite,* No. 3:17-CV-223, 2019 WL 4935452, at *2 (N.D. Miss. Jan. 9, 2019); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06-CV-207, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007).

    In connection with her designation of Dr. Aly as an expert treating physician, the plaintiff provided a letter from Dr. Aly – which Defendants assert is the only "medical record" of Dr. Aly provided -- addressed "To Whom it May Concern" and stating opinions regarding the "clear" declines in the plaintiff's mental health functioning since the incident that is the subject of the complaint, the plaintiff's "significant" resulting impairment and functional limitations, and the long-term therapy and pharmacological management the plaintiff will need due to the impact the head trauma has had on her life. The court would be interested to know whether Dr. Aly routinely prepares "to whom it may concern" letters for inclusion in his/her patients' medical records or whether, on the other hand, this letter was specially prepared at the plaintiff's request, in which event the obvious conclusion would be that the plaintiff's request was made for purposes of using the letter in this litigation. If Dr. Aly's deposition or other discovery reveals the latter to be the case rather than the former, the court would then be inclined to grant a request

to exclude any testimony by Dr. Aly regarding the facts and opinions set forth in the letter unless those facts and opinions are contained elsewhere in Dr. Aly's medical records that have been provided to the defendants; and if, as the defendants assert, no other medical records have been provided, the court would be inclined to strike the designation of Dr. Aly as an expert witness altogether.

Therefore, the defendants' Motion to Strike Plaintiff's Supplemental Expert Designation is DENIED without prejudice.

SO ORDERED, this the 30th day of October, 202.

/s/Roy Percy
UNITED STATES MAGISTRATE JUDGE